# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-535V

| | | |
|---|---|---|
| TAYLOR WHITE, as mother And natural guardian Of minor child T.J., | * * * * | Chief Special Master Corcoran |
| Petitioner | * * | Filed: October 18, 2023 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Katherine Carr Esposito*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On May 13, 2022, Taylor White filed a petition on behalf of her minor child, T.J. seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. Petitioner alleged that T.J. suffered from a Table Idiopathic thrombocytopenic purpura ("ITP") injury after he received the measles, mumps, and rubella ("MMR") vaccination on May 28, 2021. *Id.*

Thereafter, on May 10, 2023, Respondent filed his Rule 4(c) Report and acknowledged that Petitioner's claim is compensable under the Act. *See* Respondent's Report, dated May 10,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2023 (ECF No. 24). Respondent specifically indicated that medical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the petition and accompanying documents filed in this case, as well as the relevant medical records, and Respondent has concluded that Petitioner has met her burden of proof in connecting the vaccination that T.J received to his condition as required for entitlement under the Vaccine Act. *Id.* Respondent conceded that the evidence shows that Petitioner suffered ITP as a result of the MMR vaccine, and that the onset occurred within the appropriate timeframe. *Id.* Accordingly, Respondent concluded that Petitioner is entitled to an award of damages. *Id.* at 8–9. I subsequently issued an entitlement decision on May 11, 2023. *See* Ruling, dated May 11, 2023 (ECF No. 25).

On October 18, 2023, Respondent filed a proffer proposing an award of compensation. ECF No. 31. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of **$50,000.00**, for the benefit of T.J., in the form of a check payable to Petitioner as T.J.'s guardian/conservator (with the proffer specifying confirmation of Petitioner's guardianship capacity before payment is made); and

- A lump sum payment of **$1,510.72**, representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioner.

Proffer at II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TAYLOR WHITE, as mother and natural guardian of minor child, T.J., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 22-535V <br> Chief Special Master Corcoran <br> ECF |

## PROFFER ON AWARD OF COMPENSATION[1]

### I. Procedural History

On May 13, 2022, Taylor White, as mother and natural guardian of minor child, T.J., ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.* ("Vaccine Act" or "Act"). Petitioner alleged that T.J. developed idiopathic thrombocytopenia purpura ("ITP") as a result of a measles, mumps, and rubella ("MMR") vaccine administered on May 28, 2021. *See generally* Petition.

On May 10, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that T.J. suffered ITP as defined by the Vaccine Injury Table, within the Table timeframe, and with no apparent alternative cause. On May 11, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for T.J.'s Table ITP injury. The parties reached agreement on damages on October 11, 2023, were ordered to file a proffer on or before October 20, 2023.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

II. **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner, for the benefit of T.J., should be awarded a lump sum of **$51,510.72**, for all damages (consisting of $50,000.00 of actual pain and suffering, and $1,510.72 in documented out-of-pocket expenses). This amount represents all elements of compensation to which petitioner, on T.J.'s behalf, is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III. **Form of the Award**

The parties recommend that the compensation provided to T.J. should be made through a combination of lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $50,000.00 in the form of a check payable to petitioner as guardian/conservator of T.J., for the benefit of T.J. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of T.J.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of T.J., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.J. upon submission of written documentation of such appointment to the Secretary. Petitioner agrees T.J. is a minor child. Petitioner must file evidence of guardianship.

B. A lump sum payment of $1,510.72, representing compensation for past

---

[2] Should T.J. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

unreimbursable expenses, in the form of a check payable to petitioner. Petitioner agrees.

**III.   Summary of Recommended Payments Following Judgment**

    **A.** Lump Sum paid to petitioner as guardian/conservator of the estate of T.J. for the benefit of T.J.  **$50,000.00**

    **B.** Past unreimbursable expenses payable to petitioner:  **$1,510.72**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Katherine C. Esposito
Katherine C. Esposito
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-3774
katherine.esposito@usdoj.gov

Dated: October 18, 2023

3