# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-0535V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
TAYLOR WHITE,
*as mother and natural guardian of minor child, T.J.*,

    Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: March 25, 2024

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Katherine C. Esposito,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On May 13, 2022 Taylor White filed a petition on behalf of her minor son, T.J., for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that T.J. suffered from Idiopathic thrombocytopenic purpura after recieving a Measles, Mumps, and Rubella vaccine on May 28, 2021. Pet. at 1. Respondent conceded entitlement in this case in her Rule 4(c) Report. Respondent's

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Rule 4(c) Report, dated May 10, 2023 (ECF No. 24) at 1. Respondent then issued a proffer for damages, which Petitioner accepted, and I issued a decision awarding Petitioner damages. Decision Awarding Damages, dated October 18, 2023 (ECF No. 32).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Application, dated March 3, 2024 (ECF No. 37) ("Final Fees App."). Petitioner requests a total of $ $30,479.78, reflecting $26,654.20 in fees incurred for the services of Ms. Leah Durant, Esq., and paralegals, and $3,825.58 in costs. Final Fees App. at 1. Respondent reacted to the final fees request on March 12, 2024. Response, dated March 12, 2024 (ECF No. 38) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3. Petitioner filed a reply on March 15, 2024, reaffirming her entitlement to attorney's fees and costs. Reply, dated March 15, 2024 (ECF No. 39).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$30,479.78**.

## ANALYSIS

### I.      Calculation of Fees

Because Petitioner prevailed in this matter, she is entitled to an award of reasonable attorney's fees. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| Attorney | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|
| **Ms. Leah Durant** | $420.00 | $441.00 | $463.00 | $463.00 |
| **Michael Milmoe (listed as GM)** | -- | $525.00 | $553.00 | -- |
| **Paralegals** | $165.00 | $173.00 | $181.00 | $181.00 |

Final Fees App at 3-10.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested for Ms. Durant and her colleagues are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *E. H. v. Sec'y of Health & Hum. Servs.*, No. 17-126V, 2023 WL 8543593 (Fed. Cl. Spec. Mstr. Nov. 16, 2023); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

**II.     Calculation of Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited March 24, 2024).

Petitioner seeks $3,825.58 in outstanding costs, including the filing fee, medical record retrieval costs, and mailing costs. Final Fees App. at 12–22. All reflect costs commonly incurred in the Vaccine Program and are reasonable herein. They shall be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$30,479.78**, reflecting $26,654.20 in attorney's fees and $3,825.58 in costs in the form of a check made jointly payable to Petitioner and her attorney Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.